IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Trawna Nichole McFadden, | Civil Action No. 2:26-cv-2820-DCN-MHC |
| Plaintiff, | **COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND JURY DEMAND** |
| v. | |
| The Post and Courier, | |
| Defendant. | |

## I. PARTIES

1. Plaintiff Trawna Nichole McFadden is an individual and former employee of Defendant. Plaintiff proceeds pro se.

2. Defendant The Post and Courier is Plaintiff's former employer and is located at 148 Williman Street, Charleston, South Carolina 29403.

## II. JURISDICTION AND VENUE

3. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e through 2000e-17, and concerns alleged discrimination based on race and color and alleged retaliation.

4. This Court has federal-question jurisdiction under 28 U.S.C. § 1331.

5. Venue is proper in the United States District Court for the District of South Carolina because the employment practices and events alleged in this Complaint occurred in Charleston County, South Carolina.

## III. FACTUAL ALLEGATIONS

6. Plaintiff is an African American/Black woman who was employed by Defendant from May 2012 through August 29, 2024.

7. In 2016, Plaintiff was promoted to Legal Coordinator. Plaintiff thereafter assumed substantial responsibilities and performed work beyond her original duties, including operating a legal advertising function that became a one-person department.

8. From approximately 2016 through 2024, Plaintiff contends that she was subjected to unequal terms and conditions of employment and was denied advancement opportunities despite her experience, institutional knowledge, increased responsibilities, and work performance.

9. In 2018, Plaintiff experienced significant difficulties involving manager Brett Miller. Plaintiff contends that the treatment she experienced during this period was part of a broader pattern of unequal treatment that continued during her employment.

10. Plaintiff sought advancement and contends that she was qualified for greater responsibility and management opportunities but was denied a fair opportunity for advancement while employees outside her protected class received more favorable opportunities and treatment.

11. In May 2023, Jennifer Napier was hired as Classified Manager. Plaintiff was not informed of the opening before the position was filled.

12. Plaintiff questioned Chase Heatherly, Director of Classified, about not being notified of the opening and was told that the position had been posted on Paycom.

13. Plaintiff contends that she was qualified for advancement based on her years of service, experience, institutional knowledge, and increased responsibilities, and that the failure to provide her a fair opportunity to compete for the Classified Manager position was discriminatory based on race and color.

14. In May 2024, Plaintiff reported to Human Resources representative Greg Galaida that Jennifer Napier frequently yelled and screamed at Plaintiff. The yelling decreased after Plaintiff reported the conduct, but workplace tension remained.

15. In July 2024, Plaintiff reported another confrontation involving Jennifer Napier to Greg Galaida and Alisha Owens and sought guidance about handling future verbal confrontations.

16. In August 2024, after another confrontation, Plaintiff again raised the issue with Alisha Owens. Plaintiff contends that she opposed treatment she reasonably believed was wrongful and discriminatory.

17. The following day, Greg Galaida and Alisha Owens presented Plaintiff with an ultimatum to accept a new position or take a six-week severance package.

18. Plaintiff requested to speak with P.J. Browning, the Publisher. P.J. Browning indicated that she would attempt to speak with Greg Galaida and Alisha Owens about reconsidering the decision.

19. On August 28, 2024, Plaintiff was again presented with the choice of accepting the new position or taking the six-week severance package. Plaintiff chose the severance option under the circumstances presented.

20. Plaintiff was told that the decision was made because Plaintiff and Jennifer Napier could not get along and Defendant chose to keep Jennifer Napier.

21. Plaintiff contends that Defendant treated her less favorably because of race and color and retaliated against her after she opposed and reported workplace treatment she reasonably believed was discriminatory.

22. Plaintiff's last day of employment was August 29, 2024. Plaintiff later executed a separation agreement on September 3, 2024. Plaintiff disputes whether the release of claims was knowing and voluntary under the circumstances.

23. As a result of the alleged discrimination and retaliation, Plaintiff suffered lost income and employment benefits, emotional distress, and other financial and personal harm.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. Plaintiff filed EEOC Charge No. 415-2024-01768 against Defendant. The Charge identifies Color, Race, and Retaliation as the bases of discrimination.

25. The EEOC issued a Dismissal and Notice of Rights on April 16, 2026, which Plaintiff received electronically on April 16, 2026.

26. A copy of Plaintiff's EEOC Charge of Discrimination and Dismissal and Notice of Rights is attached to this Complaint.

## V. RELIEF REQUESTED

Plaintiff requests back pay and lost employment benefits; compensatory damages for emotional distress and other harm caused by Defendant's alleged discriminatory and retaliatory conduct; punitive damages to the

extent permitted by law; pre- and post-judgment interest; costs and any recoverable fees; and such equitable and other relief as the Court deems just and proper. Plaintiff requests a jury determination of damages in an amount supported by the evidence and permitted by law.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,


Trawna Nichole McFadden, Plaintiff, Pro Se


Current Mailing Address: 9580 Old Glory Lane, Apt. 411
City, State, Zip: Summerville, South Carolina 29485
Telephone: 843-367-3412
Email: Nichole.mcfadden@yahoo.com
Date: 7/13/2026

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Savannah Local Office
7391 Hodgson Memorial Drive, Suite 200
Savannah, GA 31406
(912) 358-2810
Website: www.eeoc.gov

## DISMISSAL

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/16/2026

**To:** Miss Trawna Nichole N. McFadden
9226 Southern Oak Lane
Ladson, SC 29456
Charge No: 415-2024-01768

EEOC Representative and email:     Anthony Jones
Investigator
anthony.jones@eeoc.gov

---

## DISMISSAL

The EEOC is closing this charge because your charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 415-2024-01768.

On behalf of the Commission,

Digitally Signed By:Jennifer Bessick
04/16/2026
Jennifer Bessick
Director

**Cc:**
Glenn Smith
The Post and Courier
148 Williman Street
Charleston, SC 29403

Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal. You should keep a record of the date you received EEOC's official notice of dismissal.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 415-2024-01768 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 415-2024-01768 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.