IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| TRAWNA NICHOLE MCFADDEN,<br><br>Plaintiff,<br><br>v.<br><br>THE POST AND COURIER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:26-cv-2820-DCN-MHC |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Plaintiff's Complaint should be dismissed because her charge was untimely under any applicable time period and from any start date. Although the face of Plaintiff's Complaint alleges "[a] copy of Plaintiff's EEOC Charge of Discrimination and Dismissal and Notice of Rights is attached to this Complaint" (ECF 1 at ¶ 26), such charge was not "attached to this Complaint." In her Response, Plaintiff does not dispute that the charge is authentic[1] or that it bears her digital signature dated April 16, 2026. Indeed, Plaintiff relies on the charge in making her allegations in the Complaint. (ECF 1 at ¶¶ 24, 26.) *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).[2] The charge speaks for itself and demonstrates Plaintiff's time-barred allegations.

Plaintiff fails to allege (or otherwise demonstrate) timely exhaustion of her administrative remedies. The only charge in the record was signed April 16, 2026 – 596 days after the latest alleged discriminatory act identified in Plaintiff's charge. (ECF 16-1.) This is untimely whether the applicable period is 180 or 300 days. Plaintiff contends an earlier charge exists, but she

[1] (ECF 16-1.) The Dismissal and Notice of Rights attached to Plaintiff's Complaint reflects a copy directed to the Post and Courier. (ECF 1 at p. 5). *See* 29 CFR 1601.14(a) (requiring service of notice of a charge on the respondent / employer).
[2] *See also* ECF 23 at pp. 5-6 for Plaintiff's citation to and reliance on the same EEOC charge.

identifies no document that the EEOC received and treated as a request to take remedial action, and she acknowledges she does not possess the records she says would establish one. (ECF 23 at pp. 3, 9.) By contrast, Plaintiff's exhibit reflects that, on October 11, 2024, the EEOC advised Plaintiff that failure to sign by October 15, 2024 "will result in the closure of your inquiry." (ECF 23-1 at p. 2.)[3] The EEOC closed the verified April 16, 2026 charge as untimely: "The EEOC is closing this charge because your charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge." (ECF 1 at p. 4.) In so doing, the EEOC treated that charge as the operative filing rather than as an amendment relating back to any earlier document.

Separately, Plaintiff represents (in the Section II heading of her Response) that a Right to Sue Notice was issued in 2024[4] and that she did not act on it. (ECF 23 at 3.) The Post and Courier is unaware of a 2024 Charge or a 2024 Right to Sue Notice. Notwithstanding, Plaintiff's response argument seems to address the 90-day judicial-filing period rather than the charge-filing at issue in the Motion to Dismiss. Even if the Plaintiff received a 2024 Right to Sue Notice, the 90 days would have expired long before July 14, 2026. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) ("The ninety day notice period itself is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay."). There is no indication that a charge was submitted in 2024 and that the EEOC reconsidered it on the merits in 2026. In any scenario, the Plaintiff's claim should be dismissed.

---

[3] Conversion of the present motion is unnecessary because the timeliness question is resolved by the Complaint and the documents integral to it. That said, to the extent Plaintiff seeks to convert this Motion under Rule 12(d), Plaintiff's own exhibits, considered in the light most favorable to her, confirm rather than contradict that her charge was untimely.

[4] However, Plaintiff's Complaint makes clear, and attaches, the EEOC's Dismissal and Notice of Rights dated **April 16, 2026,** "**which Plaintiff received electronically on April 16, 2026**." (ECF 1 at 2 and 4) (emphasis added).

By Plaintiff's own submissions, there is no basis to apply equitable tolling to this case. The Plaintiff acknowledges that the Fourth Circuit standard for equitable tolling is demanding and that emotional distress alone does not give rise to equitable tolling. (ECF 23 at p. 4.) The Plaintiff submits no evidence in support of tolling. The Plaintiff's submissions demonstrate communications with the EEOC in October of 2024. "Equitable tolling is not appropriate, however, 'where the claimant failed to exercise due diligence in preserving [her] legal rights.'" *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002).

Finally, Plaintiff raises her Separation Agreement and other legal and factual issues that go beyond the present motion, which is directed solely at Plaintiff's failure to timely submit her administrative charge. Those issues are not before the Court on this motion, and The Post and Courier does not waive any defense relating to them.

For all these reasons, The Post and Courier respectfully requests that the case be dismissed.

September 11, 2026

Respectfully submitted,

/s/ *Kathleen F. Monoc*

Kathleen F. Monoc (Federal Bar No. 10598)
katie@monoclaw.com
**MONOC LAW, LLC**
77 Grove Street
Charleston, SC 29403
Phone: (843) 790-8910
Fax: (843) 790-9213

*Counsel for The Post and Courier*

## CERTIFICATE OF SERVICE

I, Kathleen F. Monoc, hereby certify that, on September 11, 2026, a true and correct copy of the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF system. Such filing is simultaneously being served via United States mail upon *pro se* Plaintiff at the mailing address provided in her Complaint (9580 Old Glory Lane, Apt 411, Summerville, South Carolina 29485) as well as a courtesy copy provided to her email provided in her Complaint (nichole.mcfadden@yahoo.com).

/s/ *Kathleen F. Monoc*
Kathleen F. Monoc (Federal Bar No. 10598)